# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| TERESA RUCKER | ) |
| | ) |
| v. | )    **Case No. 3:25-cv-01423** |
| | ) |
| ONE TOUCH DIRECT, LLC | ) |

**To: Honorable Aleta A. Trauger, United States District Judge**

## R E P O R T  A N D  R E C O M M E N D A T I O N[1]

By Order entered March 23, 2026 (Docket Entry No. 9), this removed, *pro se* civil action was referred to the Magistrate Judge for pretrial proceedings. Pending before this Court are Plaintiff's motions for remand (Docket Entry Nos. 6 and 7). For the reasons set forth below, the undersigned respectfully recommends that the motions for remand be **DENIE**D.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Teresa Rucker ("Plaintiff"), a resident of Antioch, Tennessee, filed a complaint in the Davidson County General Sessions Court on June 18, 2025, against One Touch Direct, LLC ("Defendant"). *See* Docket Entry No. 1-1 at 3. Her complaint was sparse on supporting factual allegations, and she was eventually required to file an amended complaint or her lawsuit would be subject to dismissal. On November 7, 2025, she filed an amended complaint. *See* Docket Entry No. 1-2. Although her amended complaint is not particularly easy to follow, she alleges that she

---

[1] The Court addresses the issues of removal and remand via a report and recommendation because motions for remand, while not categorically dispositive under 28 U.S.C. § 636(b)(1)(A), are generally treated as dispositive motions for which a magistrate judge must issue a report and recommendation. *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

was harmed in various ways while an employee of Defendant and refers to both federal law and state law violations in her amended complaint. *Id.*

On December 8, 2025, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that Plaintiff raised claims in her amended complaint under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and/or the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and thus federal question jurisdiction exists under 28 U.S.C. § 1331 to support removal of the case to federal court. *See* Notice of Removal (Docket Entry No. 1). Defendant also asserts that supplemental jurisdiction exists under 28 U.S.C. § 1367 over any state law claims set out in the amended complaint. *Id.*

Plaintiff thereafter filed two motions that contest the removal of the case and request that the case be remanded to state court. *See* Docket Entry Nos. 6 and 7. While the motions contain several paragraphs of law related to the issue of removal, the motions do not contain any actual arguments as to why the removal of her lawsuit was improper and why remand is required. Indeed, Plaintiff's motions fail to clearly address the basis for Defendant's removal of the lawsuit to federal court. In response to Plaintiff's motions, Defendant argues that removal was proper and that Plaintiff fails to identify any defect in removal that requires that the lawsuit be remanded. *See* Response (Docket Entry No. 8).

## II. ANALYSIS

The Court finds that this case was properly removed to federal court based on federal question jurisdiction because Plaintiff raised a federal law claim in her amended complaint. Plaintiff's motions for remand have no merit and are therefore properly denied.

2

The party seeking removal bears the burden of demonstrating that the federal court has original jurisdiction over the action. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). The removal statutes, 28 U.S.C. §§ 1441 *et seq.*, are "to be construed strictly, narrowly and against removal," *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins., Co.*, 5 F.3d 963, 968 (6th Cir. 1993), and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). However, if the Court determines that the removing party has met the burden of showing that the federal jurisdictional requirements are satisfied, the Court should not remand the case back to state court. *Gaynor v. Miller*, 205 F.Supp.3d 935, 938 (E.D.Tenn. 2016).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a particular civil action arises under the laws of the United States depends on application of the "well-pleaded complaint rule." Under this rule, a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Thus, the deciding question is whether Plaintiff's amended complaint includes a claim that raises issues of federal law. The Court finds that it does. Although the amended complaint does not clearly set out causes of action and much of the amended complaint is directed at violations of state law, Plaintiff specifically asserts in the amended complaint that Defendant's actions violated the ADA. *See* Docket Entry No. 1-2 at 7. Because a claim under the ADA claim is a claim created by a federal statute, it unquestionably arises under federal law and bestows upon this Court original

3

subject matter jurisdiction over Plaintiff's lawsuit under Section 1331. *See Martin v. W. Kentucky Univ.*, 2012 WL 693928, at \*1 (W.D. Ky. Feb. 29, 2012) ("The case was removable because [plaintiff] expressly asserted a federal cause of action against [defendant] under the Americans with Disabilities Act.").[2]

In the absence of any comprehensible argument from Plaintiff as to why removal was not proper, there is no basis for remand of this lawsuit to state court. To the extent that Plaintiff asserts in her two motions that she needs "more time" to address the notice of removal and the issue of remand because she is sick and is also attending to the needs of her elderly mother, *see* Docket Entry No. 6 at 7 and Docket Entry No. 7 at 10, the Court finds that Plaintiff has had sufficient time to address the matter of removal/remand and that resolution of the issue need not be put off any longer. This is especially so given the clear grounds supporting the removal of the lawsuit.

### RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for remand (Docket Entry Nos. 6 and 7) be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed **within fourteen (14) days** of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

---

[2] The Court notes that Defendant's notice of removal states that Plaintiff's amended complaint also raises claims under the ADEA and Title VII. *See* Docket Entry No. 1 at ¶ 7. The Court finds no support for this contention. Nowhere in Plaintiff's amended complaint does she raise claims under these two federal statutes or even mention these statutes. Nonetheless, Plaintiff's assertion that the ADA was violated suffices to support removal.

4

Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed **within fourteen (14) days** after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

5